**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOHN KROENCKE and                                                                                   PLAINTIFFS
TANYA KROENCKE

v.                                      NO. 4:05CV00944 JLH

RUSSELLVILLE SCHOOL DISTRICT                                                              DEFENDANT

**OPINION AND ORDER**

John and Tanya Kroencke brought this action under 20 U.S.C. § 1415(i)(3)(A) against the Russellville School District to recover attorney's fees and costs incurred in an administrative proceeding brought pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1415(b)(6), (f)(1). The Kroenckes have filed for summary judgment (Docket #4) against the Russellville School District. For the following reasons, the Kroenckes' motion for summary judgment is granted and the Kroenckes are awarded $20,000.00 in attorney's fees and costs.

**I.**

John and Tanya Kroencke are parents of a child, W.K., who was enrolled in the Russellville School District where he received special education services. Due to a dispute that arose between the Kroenckes and the school district, on September 26, 2003, the Kroenckes requested a due process hearing with the Arkansas Department of Education. In their request for a due process hearing, the Kroenckes alleged that the school district committed the following violations of the IDEA and deprived W.K. of a "free appropriate public education":

(a)    failing to make a referral for special education testing when [W.K.]'s performance demonstrated the need for special education intervention and services in 1999-2000 school year;

(b)   failing to provide an appropriate program and or transitional plan with services from an IFSP (Individualized Family Services Plan) to an IEP (Individualized Education Program) when [W.K.] entered Kindergarten in the 1999-2000 school year and demonstrated a need for continued therapies and services;

(c)   failing to provide an appropriate IEP and special education and related services during the 1999-2000, 2000-01, 2001-02, 2002-03, and 2003-04 school years;

(d)   failing to evaluate and program for [W.K.]'s specific learning disabilities and speech and language disabilities during the 1999-2000, 2000-01, 2001-02, 2002-03, 2003-04 school years, instead relying on the Parents to provide and pay for evaluations and language therapies necessary for [W.K.] to benefit and advance educationally;

(e)   failing to provide Speech therapy and language therapies recommended by professionals, and instead making unilateral decisions regarding speech and language therapies based on the needs and resources of the district and not associated with [W.K.]'s unique needs;

(f)   failing to follow due process procedures by:

- failing to consider evaluations and recommendations of various experts and consultants;

- failing to list language therapy as a related service on [W.K.]'s IEP when the District agreed that said one-on-one services were appropriate and necessary in light of [W.K.]'s Dyslexia, and that such services were necessary for [W.K.] to benefit educationally and were embedded into [W.K.]'s school day;

- failing to record services provided on [W.K.]'s IEP, and, in particular, his language therapy provided one hour daily four days per week, so that the District could escape monitoring violations and attempt to avoid payment of said services[;]

- failing to provide services which were necessary for [W.K.] to benefit educationally free of charge to the Parents[;]

- failing to properly record decisions made in IEP conferences, especially those relating to [W.K.]'s language therapy; and

(g) discriminating against [W.K.] as a result of his disability by failing to provide needed services and therapies at a critical time to assure advancement and educational benefit.

The Kroenckes requested five items of relief from the school district:

(a) Compensatory education for the denial of [free appropriate public education];

(b) Reimbursement for transportation and providing appropriate therapies for [W.K.];

(c) Reimbursement for providing evaluations necessary to assess [W.K.]'s disabilities and language and communication needs to obtain recommendations for his needed services and therapies;

(d) Continued payment for [W.K.]'s language therapy and transportation for said therapy currently in place until such similar services and therapy can be provided by the District which is deemed appropriate and beneficial to meet [W.K.]'s unique needs[; and]

(e) Teacher training in Dyslexia and in the implementation of [W.K.]'s IEP.

The hearing officer assigned by the Arkansas Department of Education conducted a four-day hearing and issued a 52-page opinion. In his written findings, the hearing officer concluded that the school district denied W.K. a free and appropriate public education by failing to refer W.K. for an evaluation to determine a need for special education services for the school year 1999-2000, failing to provide an appropriate program and or transitional plan with services from an Individualized Family Services Plan (IFSP) to an Individualized Education Program (IEP) when W.K. entered Kindergarten in the 1999-2000 school year, and failing to provide an appropriate IEP for W.K. during the 2000-2001 and 2001-2002 school years. The hearing officer also concluded, however, that the school district provided an appropriate IEP for W.K. in the 2002-2003 and 2003-2004 school years. The hearing officer found that the parents had not provided sufficient evidence to persuade him that the school district failed to comply with due process procedures either in the district's

consideration of various evaluations and opinions of experts or in the district's failure to include the services of W.K.'s language therapist on W.K.'s IEP.[1] The hearing officer then ordered the district to reimburse the Kroenckes for expenses related to the independent evaluations of W.K.; to conduct an IEP team meeting on or before, but no later than January 31, 2004, for the specific purpose of determining whether language therapy services should be included in W.K.'s IEP as a necessary related service; to provide 420 hours of compensatory education; and to submit a hearing decision status report to the Special Education Unit, Arkansas Department of Education, on or before January 15, 2004.

The Kroenckes submitted an itemized bill for legal services to the school district and requested that the district reimburse them for the attorney's fees incurred from the due process hearing. When the school district declined to pay, the Kroenckes brought this suit to recover their attorney's fees for the due process hearing.

## II.

### A. Prevailing Party

The IDEA requires that a disabled child be provided with access to a "free and appropriate public education." 20 U.S.C. §§ 1400(c), (d)(1)(A). The act conditions federal aid to state special education programs on a state's assurance to all children with disabilities an opportunity "to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate education to such child." 20 U.S.C. § 1415(b)(6)(A). In any action or proceeding brought under the IDEA, the district court, "in its

---

[1] The hearing officer did not decide the issue of whether the school district discriminated against W.K. as a result of his disabilities because the hearing officer lacked jurisdiction to decide complaints of discrimination under the IDEA.

4

discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I).  Before a district court may exercise its discretion in awarding fees, therefore, the parents of a child with a disability must first show that they were the "prevailing party" in an IDEA proceeding.  The question of prevailing party status is solely a legal issue resolvable at the summary judgment stage. *Jenkins v. Missouri*, 127 F.3d 709, 713-14 (8th Cir. 1997).  The Supreme Court has stated in the context of the civil rights attorney's fees statute, 42 U.S.C. § 1988, that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 S. Ct. 566, 573, 121 L. Ed. 2d 494 (1992).  This definition of "prevailing party" also applies to actions for attorney's fees under the IDEA, since decisions construing "prevailing party" in actions brought under 42 U.S.C. § 1988 "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Warner v. Indep. Sch. Dist. No. 625*, 134 F.3d 1333, 1336 (8th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7, 103 S. Ct. 1933, 1939 n.7, 76 L. Ed. 2d 40 (1983)).

Here, the Kroenckes meet the definition of a "prevailing party," as the hearing officer's final decision provided them with actual, material relief.  The hearing officer stated in his final decision that the Russellville School District "most certainly appears from the facts of this case to have a standing practice of non-compliance with the IDEA, its implementing regulations, as well as the regulations of the Department."  The hearing officer ordered the school district to pay the Kroenckes $4,650 as reimbursement for the independent evaluations.  "A judgment for damages in any amount . . . modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an

amount of money he otherwise would not pay." *Farrar*, 506 U.S. at 113, 113 S. Ct. at 574. The hearing officer also ordered the school district to provide 420 hours of compensatory education as compensation for providing a deficient IEP for W.K. in the school years 2000-2001 and 2001-2002.[2] The right to compensatory education is "actual relief on the merits." *Birmingham v. Omaha Sch. Dist.*, 298 F.3d 731, 734 (8th Cir. 2002). Thus, the hearing officer's grant of compensatory education and reimbursement for W.K.'s evaluations were actual relief on the merits sufficient to make the Kroenckes a prevailing party in the due process hearing.

The school district argues, however, that the Kroenckes were not a prevailing party because they did not obtain relief on the issue of language therapy, which the school district characterizes as the "most important in the context of the administrative proceeding as a whole." The Supreme Court has flatly rejected this argument. In *Texas State Teachers Association v. Garland Independent School District*, the school district argued that the statutory term "prevailing party" required the plaintiffs to prevail on the "central issue" in the litigation. 489 U.S. 782, 784, 109 S. Ct. 1486, 1489, 103 L. Ed. 2d 866 (1989). The Supreme Court, however, held that as long as the plaintiffs had "succeeded on any significant claim affording it some of the relief sought," the plaintiffs had "crossed the threshold to a fee award." *Id.* at 791, 109 S. Ct. at 1493; *cf Linda T. v. Rice Lake Area Sch. Dist.*, 417 F.3d 704, 708 (7th Cir. 2005) (finding that the parents' failure to prevail on the "most important issue" entitled them to no attorney's fees). As was discussed above, the Kroenckes have "crossed the threshold." They have been awarded substantial, non-trivial relief for the school

---

[2] The school district asserts that the Kroenckes have "totally and manifestly" rejected the compensatory education. The school has offered no evidence to support this assertion. The school district's evidence, at best, shows that, as of May 5, 2004, the Kroenckes had neither accepted nor rejected the school district's offer of compensatory education.

6

district's denial of a free appropriate public education for W.K. The Kroenckes are therefore a "prevailing party" under 20 U.S.C. § 1415(i)(3)(B)(i)(I).

### B. Reasonableness of Fee

For the second part of the analysis required by 20 U.S.C. § 1415(i)(3)(B)(i)(I), a district court must determine that the fee requested by the prevailing party is "reasonable." "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433, 103 S. Ct. at 1939; *see also Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 208-09 (8th Cir. 1998). Next, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar*, 506 U.S. at 114, 113 S. Ct. at 574 (quotations omitted).

The hourly rate charged by the Kroenckes' counsel is reasonable. The time entries appear to be reasonable in light of the complexity of the issues. However, the cases seem to require that the fee be reduced due to the partial success obtained. *See Hensley*, 461 U.S. at 434, 103 S. Ct. at 1940; *Warnock v. Archer*, 397 F.3d 1024, 1026-27 (8th Cir. 2005); *Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1030-31 (8th Cir. 2003); *Johnson v. Bismarck Pub. Sch. Dist.*, 949 F.2d 1000, 1003 (8th Cir. 1991). There is no precise rule or formula for making fee determinations in cases with only partial success. *Warnock*, 397 F.3d at 1026. The district court "may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436-37, 103 S. Ct. at 1961. In light of these considerations, the fee will be reduced to $20,000.00.

**CONCLUSION**

For the reasons stated above, the Kroenckes' motion for summary judgment (Docket #4) is GRANTED. The Kroenckes are awarded $20,000.00 in attorney's fees and $715.16 in expenses.

IT IS SO ORDERED this 21st day of December, 2005.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE